BELTRAMI, J.,
OPINION OF THE COURT
This matter is before the court on defendant’s preliminary objections to plaintiff’s complaint, which was filed on September 11, 2014. On October 24, 2014, the instant preliminary objections and an accompanying brief were filed by defendant.[1] Plaintiff’s counsel did not *66 file a brief, violating Northampton County Rule of Civil Procedure N211(c) and waiving any right to raise legal arguments in opposition to the preliminary objections. The matter is now ready for disposition.
The complaint alleges that on April 9, 2013, at or near the intersection of South Nulton Road and Stones Crossing Road, in Palmer Township, Pennsylvania, defendant’s vehicle rear-ended plaintiff’s vehicle, causing plaintiff to suffer bodily injury. (Compl. ¶¶ 3-5, 8-9(a).) Plaintiff alleges that defendant’s negligence and/or recklessness caused the accident and plaintiff’s injuries. (Id. ¶¶ 6, 9.) Plaintiff does not request punitive damages in her complaint.
Defendant objects to plaintiff’s use of the terms “recklessly,” “recklessness,” and “reckless” in the complaint, arguing that there are no facts pleaded in the complaint to support such language. Defendant’s preliminary objections are in the nature of a motion to strike impertinent matter, pursuant to Pa.R.C.P. No. 1028(a)(2). To be impertinent, “the allegations must be immaterial and inappropriate to the proof of the cause of action.” Common Cause/Pa. v. Commonwealth, 710 A.2d 108, 115 (Pa. Commw. 1998).
The complaint states a single claim for negligence.
Generally, “[njegligence is defined as the absence of care under the circumstances[.]” Brusis v. Henkels, 376 Pa. 226, 230, 102 A.2d 146, 148 (1954) (citations omitted). “The test of negligence is whether the *67 wrongdoer could have anticipated and foreseen the likelihood of harm to the injured person, resulting from his act[.]” Id. (citations omitted). “It is axiomatic that the elements of a negligence-based cause of action are a duty, a breach of that duty, a causal relationship between the breach and the resulting injury, and actual loss.” Minnich v. Yost, 817 A.2d 538, 541 (Pa. Super. 2003) (quoting Campo v. St. Luke’s Hosp., 755 A.2d 20, 23-24 (Pa. Super. 2000)).
Charlie v. Erie Ins. Exch., 100 A.3d 244, 250 (Pa. Super. 2014).
In a motor vehicle accident case, motorists are held to the same standard of reasonable care that applies to defendants generally across the law of negligence. See Fredericks v. Castora, 360 A.2d 696, 698 (Pa. Super. 1976). Recklessness, on the other hand, “is distinguishable from negligence on the basis that recklessness requires conscious action or inaction which creates a substantial risk of harm to others, whereas negligence suggests unconscious inadvertence.” Tayar v. Camelback Ski Corp., Inc., 47 A.3d 1190, 1200 (Pa. 2012.)
[Tjhere is a distinction between negligence and punitive damages claims, with a plaintiff being required to meet a far lesser burden to establish a negligence claim than that which is imposed in connection with a punitive damages claim. This distinction is an important one. Damages awarded in a negligence action compensate a plaintiff for his or her losses. Punitive damages, in contrast, are not awarded to compensate the plaintiff for her damages but rather to heap an additional punishment on a defendant who is found to have acted in a fashion which is particularly egregious. Such a *68 punishment should not be meted out to every defendant who is found to have acted negligently; rather, it should be reserved for those cases in which the defendant has acted in a particularly outrageous fashion.
Phillips v. Cricket Lighters, 883 A.2d 439, 446 (Pa. 2005) (citation omitted).
Here, plaintiff brings a negligence claim arising from a motor vehicle accident and does not request punitive damages. Therefore, to prevail, plaintiff need only show that defendant is responsible for the accident and resulting damages due to his breach of a negligence-based standard of care. As such, plaintiff’s claim does not require a showing of defendant’s recklessness, making allegations thereof immaterial to the proof of plaintiff’s cause of action. Accordingly, defendant’s preliminary objections will be sustained, and all allegations of recklessness will be stricken from the complaint.
WHEREFORE, the court enters the following:
ORDER OF COURT
And now, this 23rd day of February, 2015, “defendant, Scott Finney’s preliminary objections to plaintiff’s complaint,” filed on October 24, 2014, are hereby sustained. The terms “recklessly,” “recklessness,” and/or “reckless” are hereby stricken from paragraphs 6, 7, 9,10, 12, and 13 of plaintiff’s complaint. Defendant shall file an answer to plaintiff’s complaint within twenty (20) days of the date of this order.

. Defendant’s preliminary objections are endorsed with a notice *66 to plead; however, plaintiff was not required to file a response because defendant’s preliminary objections raise issues that may be determined from facts of record. See Pa. R.C.P. No. 1028(c) note; Local Rule N 1028(c).